UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COSMOS GRANITE (WEST), LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MINAGREX CORPORATION, d/b/a MGX Stone,<br><br>Defendant. | Case No. 2:19-cv-01697-RSM<br><br>**STIPULATED PROTECTIVE ORDER** |

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal. Nothing in this Protective Order restricts either party from using or disclosing its own confidential information for any purpose.

**STIPULATED PROTECTIVE ORDER** - 1
Case No. 2:19-cv-01697

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

2. "CONFIDENTIAL" MATERIAL

2.1 Basic Principles. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" pursuant to the terms of this Order shall not disclose such Discovery Material to anyone else except as expressly permitted hereunder. For the purposes of this Order, Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" shall be referred to collectively as "confidential material."

2.2 Confidential material designated as "CONFIDENTIAL" shall include the following documents and tangible things produced or otherwise exchanged:

(a) previously nondisclosed material relating to ownership or control of any non-public company;

(b) any information of a private or intimate nature regarding any individual;

(c) any trade secret or other confidential research, development, or commercial information, including without limitation competitively sensitive business strategy documents;

(d) confidential or proprietary information or trade secrets of third parties to whom the producing party reasonably believes it owes an obligation of confidentiality with respect to such documents;

(e) agreements with third parties not otherwise public, including without limitation agreements with suppliers and customers;

(f) supplier lists; and

(g) any other category of information hereinafter given confidential status by the Court.

2.3 Confidential material designated as "HIGHLY CONFIDENTIAL – AEO" shall include previously nondisclosed sales or financial information.

2.4 For the avoidance of doubt, confidential material shall not include documents, materials, or information already in the public domain.

**STIPULATED PROTECTIVE ORDER** - 2
Case No. 2:19-cv-01697

S U S M A N  G O D F R E Y  L . L . P .
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

3. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. This agreement applies, without limitation, to interrogatory answers; responses to requests for admission; information provided orally in a deposition, the transcript of which is subsequently designated as confidential in relevant part; deposition transcripts and exhibits; pleadings; motions; briefs; affidavits and declarations; documents; electronically provided discovery; or tangible evidence produced by agreement or in response to a request for production.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 Disclosure of Confidential Material Designated "CONFIDENTIAL". Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material designated as "CONFIDENTIAL" only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

**STIPULATED PROTECTIVE ORDER** - 3  
Case No. 2:19-cv-01697

SUSMAN GODFREY L.L.P.  
1201 Third Avenue, Suite 3800  
Seattle, WA 98101-3000  
Tel: (206) 516-3880; Fax: (206) 516-3883

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3 <u>Disclosure of Confidential Material Designated "HIGHLY CONFIDENTIAL – AEO"</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material designated as "HIGHLY CONFIDENTIAL – AEO" only to those persons listed in Paragraphs 4.2 (a), (c), (d), (e), (f) and (g).

4.4 <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take

**STIPULATED PROTECTIVE ORDER** - 4
Case No. 2:19-cv-01697

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practicable to do so, the designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO", as appropriate, to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, to the extent it is practicable to do so, the producing party also must clearly identify the protected portion(s).

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO." Access to the

**STIPULATED PROTECTIVE ORDER** - 5
Case No. 2:19-cv-01697

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order and shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" or "Highly Confidential-AEO Information Governed by Protective Order", as appropriate, by the reporter. Until the expiration of the thirty-day period, the entire deposition or hearing transcript shall be treated as CONFIDENTIAL.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO", as appropriate. If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

(d) <u>Names of non-party customers</u>: in addition to the foregoing provisions, the parties may replace the name of unrelated non-party customers, or abbreviations thereof, in Discovery Material with a code name. The code name for a given party shall be consistent across the party's production. This provision shall not apply, however, to the names or abbreviations of the following persons or entities, or any related or affiliated persons or entities: Venkateswara Rao Are, Logiclinx Corp., Precision Waterjet, Inc., MCW Properties LLC, MCW PP LLC, Wall to Wall Tile & Stone, LLC, Wall to Wall Tile & Stone – Oregon, LLC, and Wall to Wall Tile & Stone – Idaho, LLC, or any person or entity acting on behalf of the foregoing, including, but not limited to, agents, officers, employees, attorneys, accountants, investigators, partners, consultants, and representatives. If in the course of discovery, a specific unrelated non-party customer becomes relevant to the litigation, on a showing of good cause, the producing party shall disclose to the receiving party the code name reference of that customer. By entering into this provision, the parties are not waiving any objection they may possess regarding the relevance of each party's business with unrelated non-party customers to this litigation.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's

**STIPULATED PROTECTIVE ORDER** - 6  
Case No. 2:19-cv-01697

S U S M A N  G O D F R E Y  L.L.P.  
1201 Third Avenue, Suite 3800  
Seattle, WA 98101-3000  
Tel: (206) 516-3880; Fax: (206) 516-3883

right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

**STIPULATED PROTECTIVE ORDER** - 7
Case No. 2:19-cv-01697

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO", that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the receiving party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the

**STIPULATED PROTECTIVE ORDER** - 8  
Case No. 2:19-cv-01697

SUSMAN GODFREY L.L.P.  
1201 Third Avenue, Suite 3800  
Seattle, WA 98101-3000  
Tel: (206) 516-3880; Fax: (206) 516-3883

information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim, as provided by Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction. The receiving party shall verify the return or destruction by affidavit or other written means furnished to the producing party, if requested.

Notwithstanding this provision, counsel are entitled to retain archival copies of all documents filed with the court; trial, deposition, and hearing transcripts; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

The parties and any other person subject to the terms of this Protective Order agree that this Court has and retains jurisdiction during and after this litigation is terminated for the purpose of enforcing this Protective Order.

**STIPULATED PROTECTIVE ORDER** - 9
Case No. 2:19-cv-01697

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: December 11, 2019

| | |
|---|---|
| SUSMAN GODFREY L.L.P. | BYRNES KELLER CROMWELL LLP |
| By: */s/ Alexander W. Aiken* <br> Rachel S. Black, WSBA No. 32204 <br> Alexander W. Aiken, *Pro Hac Vice* <br> 1201 Third Avenue, Suite 3800 <br> Seattle, WA 98101 <br> Phone: (206) 516-3880 <br> Fax: (206) 516-3883 <br> Email: rblack@susmangodfrey.com <br>     aaiken@susmangodfrey.com | By: */s/ Joshua B. Selig (w/permission)* <br> John A. Tondini, WSBA No. 37413 <br> Joshua B. Selig, WSBA No. 47030 <br> 1000 Second Avenue, 38th Floor <br> Seattle, WA 98103 <br> Phone: (206) 622-2000 <br> Fax: (206) 622-2522 <br> Email: jtondini@byrneskeller.com <br>     jselig@byrneskeller.com |
| *Attorneys for Plaintiff* | STOKES LAWRENCE, P.S. <br><br> By: */s/ Raymond S. Weber (w/permission)* <br> Raymond S. Weber, WSBA No. 18207 <br> 1420 Fifth Avenue, Suite 3000 <br> Seattle, WA 98101 <br> Phone: (206) 626-6000 <br> Fax: (206) 464-1496 <br> Email: ray.weber@stokeslaw.com <br><br> *Attorneys for Defendant* |

**STIPULATED PROTECTIVE ORDER** - 10
Case No. 2:19-cv-01697

S U S M A N  G O D F R E Y  L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this 13th day of December 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

**STIPULATED PROTECTIVE ORDER** - 11
Case No. 2:19-cv-01697

S U S M A N   G O D F R E Y   L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Cosmos Granite (West), LLC v. Minagrex Corporation*, Case No. 2:19-cv-01697-RSM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**STIPULATED PROTECTIVE ORDER** - 12
Case No. 2:19-cv-01697

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883