UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COSMOS GRANITE (WEST), LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MINAGREX CORPORATION, d/b/a MGX Stone,<br><br>Defendant. | Case No. 2:19-cv-01697-RSM<br><br>**FIRST AMENDED COMPLAINT** |

## I. PARTIES

1. Plaintiff Cosmos Granite (West), LLC d/b/a Cosmos Granite & Marble ("Cosmos West") is a limited liability company duly organized and existing under the laws of the State of Washington.

2. On information and belief, Defendant Minagrex Corporation, d/b/a MGX Stone ("Minagrex") is a company duly organized and existing under the laws of the State of Texas. Minagrex operates a stone and quartz distribution center in King County, Washington, in direct competition with Cosmos West.

## II. JURISDICTION AND VENUE

3. This case was removed from King County Superior Court on October 21, 2019. The Court has subject-matter jurisdiction over the action under 28 U.S.C. §§ 1332(a), 1441, and 1446

FIRST AMENDED COMPLAINT - *1*
Case No. 2:19-cv-01697-RSM

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. The Court has personal jurisdiction over Minagrex because it transacts business or transacted business in the State of Washington at the time the cause of action arose connected with the matters giving rise to this suit.

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

### III. FACTS

6. Cosmos West is a distributor of natural stone slabs for countertops and other uses, as well as quartz, stainless steel, porcelain sinks, and other industry related products.

7. On March 28, 2016, CGM Group, LLC and CGM Holdings, LLC (collectively, "CGM") filed a complaint for damages, injunctive, and declaratory relief against Minagrex, among other defendants alleging, *inter alia*, intentional interference of contractual relations, misappropriation of trade secrets, and conversion, in Superior Court, County of King, Cause No. 16-2-07231-3 KNT (the "Minagrex Complaint"). At the time, CGM Holdings owned 68.6% of CGM Group, which conducted business in Washington State through its wholly-owned subsidiary, Cosmos Granite (West) LLC.

8. The Minagrex Complaint alleged that Venkateswara Rao Are was a member of CGM Holdings, LLC, and indirect owner of CGM Group, LLC, and effectively ran the operations of CGM Group, LLC through its wholly-owned subsidiary Cosmos West until he was terminated for cause on November 30, 2015. As part of his position, Are effectively ran day-to-day operations at Cosmos West, including working directly with both customers and vendors. Are became intimately familiar with Cosmos West's suppliers and was privy to proprietary knowledge regarding special wholesale prices charged by those suppliers, and the specific products offered by each. He developed business relationships with those suppliers, as well as with a number of Cosmos West's customers, including fabricators such as Wall to Wall Tile & Stone, LLC ("Wall to Wall"), which provides fabrication and installation services for the natural stone and quartz slabs that Cosmos West sells.

FIRST AMENDED COMPLAINT - *2*
Case No. 2:19-cv-01697-RSM

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

9. Cosmos West provided stone slabs to Wall to Wall on a consignment basis, retaining ownership of the product until the slabs were cut by Wall to Wall for fabrication. At that point, Wall to Wall would notify Cosmos West of the usage by way of a "cut list," and Cosmos West would generate an invoice to send to Wall to Wall, which Wall to Wall normally paid promptly.

10. During his tenure, Are developed a close working relationship with Wall to Wall and its CEO, Tyler Kruckenberg, over the course of his time working at Cosmos West. Are and Kruckenberg exchanged emails on a weekly, and at times even daily, basis, discussing Wall to Wall's upcoming orders from Cosmos West, delivery timetables, Cosmos West's available stock, and Wall to Wall's projected future needs.

11. Among the topics discussed by Are and Kruckenberg was the applicable pricing for materials ordered by Wall to Wall. Pricing agreements between Cosmos West and Wall to Wall were made in writing and contemporaneously recorded. Are was aware of and participated in the entire process by which Wall to Wall ordered materials; received them on consignment; submitted cut lists for the product cut and used; received an invoice; and was supposed to then pay the amount reflected in that invoice.

12. On or about November 30, 2015, CGM Group terminated Are for cause. Are's contract had included a non-compete agreement, pursuant to which Are agreed not to compete with CGM Group or Cosmos West, or directly or indirectly solicit CGM Group or Cosmos West employees, customers, prospective customers, or suppliers from the date of his termination for a period of two years.

13. Shortly after Are's termination, Are violated his non-compete agreement with Cosmos West and began fundamentally undermining Cosmos West's business relationship with Wall to Wall, actively working with Defendant Minagrex to do so.

14. Defendant Minagrex, doing business as MGX, is a competitor of Cosmos West that sells stone and quartz slabs to fabricators such as Wall to Wall, and imports stone and quartz slabs from some of the same suppliers that Cosmos West uses. Upon information and belief, Minagrex is owned by Are's cousin by marriage. Minagrex began operating in 2015, based out of Dallas, Texas,

FIRST AMENDED COMPLAINT - 3
Case No. 2:19-cv-01697-RSM

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

and in early 2016 opened a second distribution center in the Seattle, Washington area.

15. Around that time, Are, working on behalf of or with the cooperation of Minagrex, contacted several of Cosmos West's valued suppliers and customers, including Wall to Wall, to do business, in violation of Are's non-compete agreement with Cosmos West. Upon learning of Are's conduct in violation of his non-compete agreement, CGM filed the Minagrex Complaint, also alleging claims against Are and another former CGM employee.

16. Effective February 17, 2017, CGM and its subsidiaries, including Cosmos West, and Minagrex entered into a Settlement Agreement and Release ("Settlement Agreement") to resolve the claims against Minagrex raised in the Minagrex Complaint. In exchange for dismissal of the claims against Minagrex set forth in the Minagrex Complaint, Minagrex agreed and promised, *inter alia*, that it would not knowingly do business, directly or indirectly, or knowingly provide any material assistance to any third party to do so, with Wall to Wall or Precision Waterjet, Inc. (another provider of fabrication and installation services) for a period of 18 months beginning February 17, 2017. In exchange, CGM and its subsidiaries, including Cosmos West, agreed to dismiss its claims against Minagrex as set forth in the Minagrex Complaint.

17. Minagrex did not keep its promise, however, and its failure to do so had a devastating financial effect on Cosmos West. On information and belief, Are, working for or with the assistance of Minagrex, counseled Wall to Wall to switch to purchasing stone and quartz from overseas suppliers rather than from Cosmos West—and to ultimately move to a full direct-sourcing model pursuant to which Wall to Wall would source materials itself and entirely cut Cosmos West out of the equation. Are did so using the business knowledge and relationships acquired during his time working at Cosmos West.

18. Not only did Are lay the foundation for Wall to Wall's alternate sourcing scheme, but he actively worked to put it into action. On information and belief, Wall to Wall began providing Are with a list of its granite and quartz needs, and Are would then send Wall to Wall prices, place orders, and facilitate payment to overseas suppliers, working for or with the assistance of Minagrex to do so. Indeed, on information and belief, Minagrex became an essential play in Are's overall scheme to

FIRST AMENDED COMPLAINT - *4*
Case No. 2:19-cv-01697-RSM

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

disrupt Cosmos West's working relationship with Wall to Wall.

19. Whereas Cosmos West provided materials on consignment, on information and belief, products purchased from overseas suppliers through or with the direct or indirect assistance of Minagrex required Wall to Wall to pay a certain percentage in advance or before those materials would be released from the port. On information and belief, Minagrex's direct or indirect facilitation of the replacement of Cosmos West products led Wall to Wall to prioritize payments to those new suppliers, leaving it with less incentive and less cash with which to pay the amounts it owed to Cosmos.

20. Predictably, because the overseas suppliers did not allow Wall to Wall to purchase on consignment (as was the arrangement with Cosmos West), Wall to Wall began falling behind on its payments to Cosmos West. By the beginning of May 2017, Wall to Wall was a whopping $3 million behind in payments, and additionally still possessed millions of dollars' worth of Cosmos West's slabs on consignment that it had ceased attempting to sell.

21. Wall to Wall entirely ceased paying on the amounts owed to Cosmos West in June 2017, with a principle amount due of over $5 million. But, on information and belief, all payments had been made to overseas suppliers, arranged directly or indirectly through Minagrex.

22. As a consequence of Wall to Wall's failure to pay the amounts owed on hundreds of invoices, Cosmos West initiated litigation in August 2017 to collect on the debt Wall to Wall owed for the stone and quartz materials it cut and used. Cosmos West entered into a confidential settlement with Wall to Wall in December 2018, which provided that Wall to Wall would make a series of settlement payments. After Wall to Wall defaulted on the settlement agreement in July 2019, the Court entered a judgment for over $5.5 million, to be paid to Cosmos West by Wall to Wall. But Wall to Wall filed for bankruptcy, leaving the $5.5 million judgment yet unpaid.

23. Minagrex, for its part, never made Cosmos West whole for the unconscionable damage that it caused. Instead, on information and belief, Minagrex violated the Settlement Agreement with Cosmos West nearly as soon as the ink was dry. On information and belief, Minagrex continued to knowingly do business, directly or indirectly, or knowingly provide material

FIRST AMENDED COMPLAINT - *5*
Case No. 2:19-cv-01697-RSM

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

assistance to third parties to do business with Wall to Wall, in violation of the Settlement Agreement with Cosmos West, throughout the 18-month period. On information and belief, Minagrex also continued to knowingly do business, directly or indirectly, or knowingly provide material assistance to third parties to do business with Precision Waterjet, in violation of the Settlement Agreement with Cosmos West, during the 18-month period by doing business with Precision Waterjet through NCW Precision Properties, LLC—an entity which, on information and belief, is and/or was managed by, and/or has members who were and/or are, officers, directors, managers, agents, and/or employees of Precision Waterjet, which does not purchase, sell, fabricate, or install natural stone slab products in the ordinary course of business, and which used to own the land on which Precision Waterjet is located and lease said land to Precision Waterjet. The effects have been devastating to Cosmos West.

24. Pursuant to Section 17 of the Settlement Agreement, on June 26, 2018, Cosmos West by and through its counsel notified Minagrex that it was in violation of Paragraph 1(a) of the Settlement Agreement and demanded that Minagrex immediately cease doing business, directly or indirectly, with Wall to Wall, and immediately cease providing any material assistance to any third party to do so. Minagrex did not respond to such notice. On information and belief, Minagrex did not cease violating the Settlement Agreement and continued to do business, directly or indirectly, or provide material assistance, directly or indirectly, to third parties to do business with Wall to Wall and Precision Waterjet.

25. Under Section 17 of the Settlement Agreement, after thirty days' notice to Minagrex, Cosmos West had the right to seek any necessary and proper relief from any court of competent jurisdiction to enforce the Settlement Agreement. The Settlement Agreement provides that the prevailing party shall be entitled to its reasonable costs and attorneys' fees.

### IV. CLAIM: BREACH OF CONTRACT

26. Cosmos West incorporates by reference the allegations set forth above as if fully set forth herein.

27. Minagrex entered into a contract with Cosmos Granite (West) LLC (as a subsidiary of CGM Holdings, LLC), pursuant to which Minagrex agreed not to do business, directly or

FIRST AMENDED COMPLAINT - *6*
Case No. 2:19-cv-01697-RSM

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

indirectly, or knowingly provide any material assistance to any third party to do business, directly or indirectly, with Wall to Wall or Precision Waterjet, for a period of 18 months beginning February 17, 2017. Cosmos West, CGM Group, LLC and CGM Holdings, LLC complied with the terms of the settlement agreement.

28. Minagrex breached its agreement with Cosmos West by doing business, directly or indirectly, or knowingly providing material assistance to third parties to do business, directly or indirectly, with Wall to Wall and Precision Waterjet, between February 17, 2017, and the following 18 months.

29. On information and belief, Minagrex enabled and profited from the direct or indirect assistance and knowing material assistance it gave third parties to do business with Cosmos West's customers Wall to Wall and Precision Waterjet, including Wall to Wall's refusal to pay Cosmos West, and damaged Cosmos West by knowingly doing business with and providing material assistance to third parties to do business with Wall to Wall and Precision Waterjet.

30. Such conduct caused damage to Cosmos West, as it caused Cosmos West to lose the business of its customers Wall to Wall and Precision Waterjet and allowed Minagrex and third parties to earn profits that should have been earned by Cosmos West. That same conduct destroyed Cosmos West's business relationship with Wall to Wall.

31. By virtue of Minagrex's failure to comply with the terms of its contract with Cosmos West, Cosmos West suffered substantial harm and damages. Indeed, it is through violating its agreement with Cosmos West that Minagrex was able to undermine Cosmos West's business relationships and gain unfair market advantages over Cosmos West.

32. Cosmos West is entitled to an award of damages in an amount to be determined at trial, including an award of its reasonable attorneys' fees and costs, pursuant to the terms of the Settlement Agreement with Minagrex.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cosmos West prays for the following relief:

1. For judgment against Defendant Minagrex for actual and consequential damages as

FIRST AMENDED COMPLAINT - 7
Case No. 2:19-cv-01697-RSM

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1. provided by law;

2. For an award of Plaintiff's reasonable attorneys' fees and costs as provided by Section 17 of the Settlement Agreement; and

3. For such other and further relief as the court deems just and equitable.

FIRST AMENDED COMPLAINT - *8*
Case No. 2:19-cv-01697-RSM

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: January 28, 2020 | SUSMAN GODFREY L.L.P. |
| 3 | | |
| 4 | | By: /s/ *Rachel S. Black* |
| 5 | | Rachel S. Black, WSBA #32204<br>rblack@susmangodfrey.com<br>Alexander W. Aiken (*Pro Hac Vice*) |
| 6 | | aaiken@susmangodfrey.com<br>1201 Third Avenue, Suite 3800 |
| 7 | | Seattle, WA 98101<br>Phone: (206) 516-3880 |
| 8 | | Fax: (206) 516-3883 |
| 9 | | *Attorneys for Cosmos Granite (West), LLC* |

FIRST AMENDED COMPLAINT - *9*
Case No. 2:19-cv-01697-RSM

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

**CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Rachel S. Black*
Attorney Signature

CERTIFICATE OF SERVICE - *1*
Case No. 2:19-cv-01697-RSM

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883