UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COSMOS GRANITE (WEST), LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MINAGREX CORPORATION, d/b/a MGX Stone,<br><br>Defendant. | Case No. C19-1697RSM<br><br>ORDER DENYING MOTION FOR EXTENSION OF CERTAIN DEADLINES |

This matter comes before the Court on Plaintiff Cosmos Granite (West), LLC'S Motion seeking to modify the Court's Scheduling Order by continuing the trial date, discovery deadline, and other deadlines by nine months. Dkt. #34. The parties have previously agreed to two extensions in this case due to the Covid-19 pandemic. *Id.* at 1. The instant request is not explicitly related to COVID-19. Plaintiff provides the following reasons for the request:

> …new counsel was recently retained by Plaintiff and a case of this size, involving hundreds of thousands of documents and multiple third parties, requires more time to assimilate; a recent family emergency in Georgia has caused one of three of Plaintiff's counsel's legal assistants to be away from the firm and unable to work remotely for all of October 2020, causing a strain on the existing staff of legal assistants; new litigation was recently filed by Defendant on September 16, 2020 (King County Superior Court

ORDER DENYING MOTION FOR EXTENSION OF CERTAIN DEADLINES - 1

        case no. 20-2-13953-0 KNT) against Venkat Are, a key participant in this litigation, which will likely produce discovery needed in this case; and discovery delays exist due to deleted electronic records for a critical time period that may require forensic recovery methods.

*Id.* at 2.

Trial is currently set for June 14, 2021. Dkt. #32. Expert witness disclosures are due on December 16, 2020; Discovery is to be completed on February 15, 2021. *Id*. Plaintiff is seeking to continue trial to March 14, 2022. Dkt. #34 at 2. Plaintiff hopes to kick out the disclosure of experts twelve months to December 10, 2021, but to have the discovery cut-off moved only to November 15, 2021 (prior to the disclosure of experts). *Id*.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id*. at 609. If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule. *Id*. However, "if that party was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id*. "Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." LCR 16(b)(5). Local Civil Rule 16(m) states that "this rule will be strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court."

Defendant opposes this Motion. Dkt. #36. It argues that Plaintiff has not made good use of the two prior extensions, that the parallel state court action has settled and is expected to be dismissed shortly, and that the extension requested by Plaintiff is "absurdly long." *Id*. at 1–

ORDER DENYING MOTION FOR EXTENSION OF CERTAIN DEADLINES - 2

2. Defendant notes that Plaintiff's new counsel has been retained without the withdrawal of Plaintiff's prior counsel.

On Reply, Plaintiff argues that the settlement of the parallel state court action does not change the fact that it "should have time to obtain discovery of the dispute." Dkt. #38 at 2. Plaintiff says new counsel Monson Law Office P.C., "communicated with Defendant's counsel from the start that we were assuming operational control of the case," and "[a]lthough attorneys at Sussman Godfrey LLP ('Sussman Godfrey') have not formally withdrawn as counsel, they have not been actively working the case and have instead been helpful in transferring control of the case to our firm," so Plaintiff argues it "should not be penalized for using this model of transition." *Id.* at 3. Plaintiff argues that there is significant outstanding discovery to be conducted, pointing out that there have been no depositions taken in this case. Plaintiff raises several tangential disputes between counsel for the first time on reply.

Plaintiff has the burden to demonstrate its diligence in pursuing discovery and preparing for the other existing deadlines and has failed to do so. This is the Court's main concern. There have already been two extensions. The reasons Plaintiff has presented in its Motion tend toward "mere failure to complete discovery within the time allowed," or speculation about potential future issues with discovery. It remains unclear to the Court why discovery cannot be accomplished by the existing February deadline. The amount of the request—nine months or more for some deadlines—is excessive. The Court is sympathetic to the family emergency mentioned in the Motion, but the loss of one month's availability of one of three legal assistants is too small to serve as a basis for the requested relief.

Discovery into the parallel state court litigation can still be conducted as discovery has not closed. The *addition* of counsel would not generally warrant an extension of deadlines.

ORDER DENYING MOTION FOR EXTENSION OF CERTAIN DEADLINES - 3

Plaintiff is not being punished for an amicable transition to new counsel.  Even if it was a clean break, voluntarily transitioning to new counsel does little to demonstrate good cause.

Given all of the above, and having reviewed the relevant briefing, attached declarations, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Extension of Certain Deadlines, Dkt. #34, is DENIED.  To the extent that Plaintiff requires a shorter extension of time and could demonstrate good cause for such a request, the Court expects the parties to work together and submit a stipulated motion seeking such relief.

DATED this 10th day of December, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE