UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COSMOS GRANITE (WEST), LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MINAGREX CORPORATION, d/b/a MGX Stone,<br><br>Defendant. | Case No. C19-1697RSM<br><br>ORDER GRANTING MOTION FOR EXTENSION OF CERTAIN DEADLINES |

The Court recently denied Plaintiff's request to extend deadlines by nine months in this case. Dkt. #42. The Court's last words to the parties were "the Court expects the parties to work together and submit a stipulated motion" seeking a short extension of time if necessary. Sadly, such has not happened. This matter comes before the Court on Defendant Minagrex Corporation's Motion to continuing the trial date other deadlines by three months. Dkt. #44. Even though Plaintiff Cosmos Granite (West), LLC originally sought an extension, it now opposes this Motion. Dkt. #54.

The parties previously agreed to two extensions in this case due to the Covid-19 pandemic. The instant request is not related to COVID-19. Defendant Minagrex provides the following reasons for the request:

> …after this Court denied Cosmos's continuance request on December 10, 2020, Cosmos suddenly produced an expert opinion report that dramatically enlarged its categories of claimed

ORDER GRANTING MOTION FOR EXTENSION OF CERTAIN DEADLINES - 1

> damages…. Soon thereafter, Cosmos also began a slew of discovery productions that now number in the thousands of pages.
>
> The eleventh-hour expansion of Cosmos's claimed damages—which Cosmos disclosed just one month prior to the January 15, 2021 discovery motion cut-off date—upends nearly a year's worth of negotiated discovery parameters, and renders indisputably relevant discoverable material that Cosmos has long failed, or refused, to provide. Moreover, Minagrex cannot digest and revise its discovery needs in response to Cosmos's sudden change in damages theory before the January 15th deadline for discovery motions, nor can it obtain comprehensive expert rebuttal opinion of the newly disclosed expert report by the applicable deadline, which is also January 15th.

Dkt. #48 at 1–2. In a nutshell, Minagrex claims that Cosmos recently revealed through an expert report that it is pursing loss of business relationship damages that it had previously "disavowed," and that it has refused to provide discovery on. *See* Dkt. #48 at 11.

Both parties set forth substantial irrelevant facts, pointing fingers at each other and generally ignoring the relevant factors for granting or denying the requested relief. The Court is not being asked to compel discovery or to issue discovery sanctions.

Trial is currently set for June 14, 2021. Dkt. #32. Expert witness disclosures were due on December 16, 2020; Discovery is due on February 15, 2021. *Id*. Defendant is seeking to continue trial to October 12, 2021, and to continue all deadlines by 180 days. Dkt. #48 at 1.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id*. at 609. If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule. *Id*. However, "if that party was not diligent, the inquiry should end" and the motion to modify

ORDER GRANTING MOTION FOR EXTENSION OF CERTAIN DEADLINES - 2

should not be granted. *Id*. "Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." LCR 16(b)(5). Local Civil Rule 16(m) states that "this rule will be strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court."

Defendant has the burden to demonstrate its diligence in pursuing discovery. This is the Court's main concern. The reasons Defendant has presented for its inability to complete discovery by February do not tend toward "mere failure to complete discovery within the time allowed," or speculation about potential future issues with discovery, as was the problem before, but rather tend toward a good faith attempt to respond to an expansion of discoverable issues at the end of discovery. The back and forth communications presented to the Court appear to create genuine confusion about what damages were being pursued by Plaintiff. *See* Dkt. #60 at 3–4. The amount of the request—three months—is not excessive. Plaintiff was just last month asking for more time to prepare for this case, which it can now have.

Given all of the above, and having reviewed the relevant briefing, attached declarations, and the remainder of the record, the Court hereby finds and ORDERS that Defendant Minagrex Corporation's Motion seeking to modify the Court's Scheduling Order, Dkt. #44, is GRANTED. Trial will be set for October 12, 2021. The Court directs the Clerk to issue a new scheduling order, adjusting all non-expired deadlines to this trial date. The Court urges the parties and their counsel to use this time to resolve discovery issues outside of Court.

DATED this 15th day of January, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION FOR EXTENSION OF CERTAIN DEADLINES - 3