UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COSMOS GRANITE (WEST), LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MINAGREX CORPORATION, d/b/a MGX Stone,<br><br>Defendant. | CASE NO. C19-1697RSM<br><br>ORDER DENYING MOTION FOR LEAVE TO FILE AN AMENDED MOTION TO COMPEL |

This matter comes before the Court on Defendant Minagrex's "Motion for Leave to File an Amended Motion to Compel Complete Discovery Responses." Dkt. #95. On June 22, 2021, the Court issued a Minute Order terminating Defendant's Motion to Compel for failure to include the meet-and-confer certification required under Local Civil Rule 37(a)(1). Dkt. #94. The Minute Order noted that the Motion to Compel was filed on the deadline to file discovery motions. Defendant now seeks leave to file an amended motion to compel with further details of past meet-and-confer efforts. Defendant states that it "errantly only referenced the email correspondence noted by the Court in its Minute Order and neglected to mention the full scope of its efforts to comply with LCR 37." Dkt. #95 at 2. The full scope of its efforts, Defendant argues, includes a May 12, 2021, Zoom teleconference, a subsequent email, and a telephonic

ORDER DENYING MOTION FOR LEAVE TO FILE AN AMENDED MOTION TO COMPEL - 1

conference with opposing counsel on June 18, 2021, where Defendant was informed that email responses would be forthcoming. *Id*. In response to these attempts to resolve the dispute, Plaintiff "mollified its stance on some issues and issued additional supplementation," but ultimately Defendant still felt it needed to file the underlying Motion to Compel. *Id*.

Local Civil Rule 37 states:

> Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference.

LCR 37(a)(1). It has been stated in this District that a "good faith effort to resolve discovery disputes requires an exchange of information until no additional progress is possible." *Beasley v. State Farm Mut. Auto. Ins. Co.*, 2014 U.S. Dist. LEXIS 41518, 2014 WL 1268709, at *1 (W.D. Wash. Mar. 25, 2014).

The Court finds that Defendant has failed to demonstrate good cause to modify the scheduling order or otherwise justify granting leave for Defendant to file an amended motion to compel. Defendant ultimately fails to explain why the above information was not included in the underlying motion. Even if it had been in the Motion, the Court would still find that Defendant failed to meet-and-confer in good faith after Plaintiff supplemented its discovery responses. The supplementation of responses changes the discussion.

The Court further notes that Defendant's original Motion to Compel and the instant Motion are signed only by *pro hac vice* counsel out of Texas and lack the signature of local counsel. *See* Dkt. #87 and #95. Local Civil Rule 83.1(d)(2) states, in part: "[u]nless waived by

the court in addition to those responsibilities and any assigned by the court, local counsel must review and sign all motions and other filings, ensure that all filings comply with all local rules of this court, and remind *pro hac vice* counsel of the court's commitment to maintaining a high degree of professionalism and civility from the lawyers practicing before this court as set forth in the Introduction to the Civil Rules." The Court has explicitly stated in this case that "local counsel agrees to sign all filings… pursuant to LCR 83.1(d)." Dkt. #41. The apparent failure of local counsel to review these Motions could explain why the Local Rules have not been followed. On the other hand, the omission of the signature on the filings could simply be an oversight. The Court advises Defendant to include the signature of local counsel and otherwise comply with Local Rule 83.1(d) from now on.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendant Minagrex's "Motion for Leave to File an Amended Motion to Compel Complete Discovery Responses," Dkt. #95, is DENIED.

DATED this 24th day of June, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE