UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COSMOS GRANITE (WEST), LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MINAGREX CORPORATION, d/b/a MGX Stone,<br><br>Defendant. | CASE NO. C19-1697RSM<br><br>ORDER RE: MOTIONS TO SEAL |

This matter comes before the Court on Defendant's "Motion to Seal the CGM Organization Chart," Dkt. #86, and Plaintiff's "Motion to Seal Exhibits G, H, J, L & M," Dkt. #92.

"There is a strong presumption of public access to the court's files." LCR 5(g). "Only in rare circumstances should a party file a motion, opposition, or reply under seal." LCR 5(g)(5). Normally the moving party must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." LCR 5(g)(3)(B). However:

> Where parties have entered a litigation agreement or stipulated protective order (see LCR 26(c)(2)) governing the exchange in discovery of documents that a party deems confidential, a party

ORDER RE: MOTIONS TO SEAL - 1

> wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above. Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion.

LCR 5(g)(3). A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal citations omitted).

The Court will address Defendant's Motion first. The Court notes that the exhibit at issue was submitted in support of a Motion that has been stricken by Minute Order. *See* Dkt. #94. Typically, the Court would deny this Motion to Seal as moot. However, given the chance this exhibit could be referenced in the future by either party the Court will issue a substantive ruling. Plaintiff has submitted a response brief with compelling reasons for sealing this exhibit, including that this exhibit contains confidential and proprietary business information relating to the ownership and control of Plaintiff, a non-public company. *See* Dkt. #98. The Court finds good cause to seal this filing.

Plaintiff's Motion asks to seal documents designated by Defendant as confidential under a stipulated protective order. Dkt. #92. Plaintiff sets forth no basis to seal these documents, and, consistent with LCR 5(g), correctly places the burden for demonstrating good cause on Defendant. Defendant has not filed a response to this Motion. Accordingly, the Court has no basis to seal these documents and, given the strong presumption of public access to the Court's files, will deny this Motion and order these documents unsealed.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

1. Defendant's "Motion to Seal the CGM Organization Chart," Dkt. #86, is GRANTED. The exhibit filed at Dkt. #89 shall remain under seal.

ORDER RE: MOTIONS TO SEAL - 2

2. Plaintiff's "Motion to Seal Exhibits G, H, J, L & M," Dkt. #92, is DENIED.  The exhibits found at Dkt. #93 shall be unsealed immediately.

DATED this 29th day of July, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER RE: MOTIONS TO SEAL - 3