UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COSMOS GRANITE (WEST), LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MINAGREX CORPORATION, d/b/a MGX Stone,<br><br>Defendant. | Case No. C19-1697RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |

This matter comes before the Court on Plaintiff Cosmos Granite (West), LLC ("Cosmos West")'s Motion to Compel, Dkt. #90. Plaintiff moves to compel Defendant Minagrex Corporation "to produce two reports and related invoices; provide substantive interrogatory responses where it improperly relied on Federal Rule of Civil Procedure 33(d); and to provide a supplemental response to Interrogatory No. 24…" *Id*. at 1. More specifically:

> (1) a report generated from Minagrex's sales and accounting database ("Stone Profits Systems") showing sales by serial number, for all materials sold to Sai Stone, Batholite, or NCW PP LLC during the breach period, or for sales that otherwise were in breach of the Settlement Agreement; (2) a "Sales Report" generated from the same system, relating to the same entities/transactions; (3) related invoices documenting such sales; and (4) complete interrogatory responses to Interrogatory Nos. 6-14 and 24, relating to information about sales to Sai Stone, Batholite, PWJ, and Wall to Wall, and Mr. Are's roll as an agent of Minagrex.

*Id*. at 4. The request for production at issue, RFP No. 8, asks for "all documents relating to any material assistance you gave to any third party to do business with Venkateswara Rao Are,

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL - 1

Precision Waterjet, or Wall to Wall between February 17, 2017, and August 17, 2018." *Id*. at 6. The interrogatories at issue are Nos. 6-14 and 24 and relate to Minagrex's transactions with Wall to Wall and PWJ, and an alleged "cover-up," as well as to Mr. Are's agency relationship with Minagrex.

In Response, Minagrex complains that Cosmos West emailed the above demands "only ten (10) days prior to the motion to compel deadline" asking for specific reports already "encompassed within its unquestionably overly broad Requests for Production." Dkt. #100 at 2. Minagrex argues that the specific reports sought are duplicative of discovery already produced. *Id*. Minagrex states that it has supplemented answers to Interrogatories 6-14 "by identifying bates labeled documents containing the information sought by Cosmos," and that these supplemented answers resolve issues previously raised by Cosmos, but not "new arguments regarding supposedly missing materials that were not communicated to Minagrex prior to the filing of its Motion." *Id*. at 3. Finally, Minagrex informs the Court that it has supplemented its response to Interrogatory 24. *Id*.

On Reply, Cosmos West disagrees that the requested reports have to be created or that they are duplicative, although it appears to admit that some of the information may have been previously produced "apparently inadvertently." *See* Dkt. #104 at 5. Cosmos West quibbles with the objections and limiting language found in Minagrex's responses to interrogatories 6-14, but does not mention Interrogatory No. 24.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL - 2

issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  If requested discovery is not answered, the requesting party may move for an order compelling such discovery.  Fed. R. Civ. P. 37(a)(1).  Evasive or incomplete answers or responses to discovery are treated as a failure to answer or respond.  Fed. R. Civ. P. 37(a)(4).  The party that resists discovery has the burden to show why the discovery request should be denied.  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

The Court has reviewed the briefing and exhibits and agrees with Minagrex that Cosmos West has improperly requested Minagrex to create documents that contain information duplicative of what has already been produced.  Minagrex's objections to these interrogatories are generally valid and it appears it has supplemented its answers in good faith.  The Court is convinced that the underlying information at issue here is duplicative of other information obtained and used by Cosmos West, and that this Motion is effectively moot given the parties' subsequent ability to move for summary judgment.  *See, e.g.,* Plaintiff's Motion for Partial Summary Judgment, Dkt. #137 at 5 ("There is such overwhelming documentation of [Minagrex's] breach that no rational trier of fact could find in favor of [Minagrex] on Plaintiff's breach of contract claim.").

Given all of the above, and having reviewed the relevant briefing, attached declarations, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Cosmos West's Motion to Compel, Dkt. #90, is DENIED.

DATED this 6th day of October, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL - 3