UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COSMOS GRANITE (WEST), LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MINAGREX CORPORATION, d/b/a MGX Stone,<br><br>Defendant. | Case No. C19-1697RSM<br><br>ORDER DENYING DEFENDANT'S MOTION FOR EXTENSION OF TIME |

This matter comes before the Court on Defendant Minagrex Corporation's Motion for Extension of Time. Dkt. #114. Minagrex moves "for a sixty-to-ninety-day extension of the current scheduling order," including the trial date and dispositive motion deadline. *Id*. at 1. This Motion was filed on August 5, 2021, thirteen days before the dispositive motion deadline. *See* Dkt. #83. Both parties filed dispositive motions on the deadline. *See* Dkt. #130 and #137.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id*. at 609. If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule.

ORDER DENYING DEFENDANT'S MOTION FOR EXTENSION OF TIME - 1

*Id.* However, "if that party was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id.* Local Civil Rule 16(m) states that "this rule will be strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court."

As an initial matter, this Motion was not filed far enough in advance of the dispositive motion deadline to allow the Court reasonable time to review and issue a ruling. Now that the parties have filed dispositive motions, the requested relief is possibly moot.

Nevertheless, the Court has reviewed the substantive arguments. Minagrex claims it was blindsided late in discovery with a supplemental expert report seeking hundreds of thousands of dollars in additional damages. It is Cosmos West's opinion that this damages calculation was based on Defendants' own sales records, should not have been a surprise, and in any event was consistent with its prior claims. *See* Dkt. #117 at 7. The Court agrees with Cosmos West that the supplemental disclosure requires no new discovery and that the numbers should not have been a surprise. To the extent Minagrex disagrees with Cosmos West's ability to pursue one type of damages over another, it is free to make those arguments within the existing schedule of this case. In any event, the Court finds Minagrex has failed to demonstrate diligence because it received the supplemental expert report on July 16, 2021, but waited over two weeks to file the instant Motion. Minagrex has failed to meet its burden to demonstrate good cause to modify the Court's scheduling Order.

Given all of the above, and having reviewed the relevant briefing, attached declarations, and the remainder of the record, the Court hereby finds and ORDERS that Defendant Minagrex Corporation's Motion for Extension of Time, Dkt. #114, is DENIED.

ORDER DENYING DEFENDANT'S MOTION FOR EXTENSION OF TIME - 2

DATED this 6th day of October, 2021

*[signature]*

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING DEFENDANT'S MOTION FOR EXTENSION OF TIME - 3