UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COSMOS GRANITE (WEST), LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MINAGREX CORPORATION, d/b/a MGX Stone,<br><br>Defendant. | Case No. C19-1697RSM<br><br>ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT |

## I.   INTRODUCTION

This matter comes before the Court on the parties' Motions for Summary Judgment. Dkts. #130 and #137.  Defendants move to dismiss Plaintiff's claims for lack of causation or damages evidence, lack of standing, and for failure to give notice.  Plaintiff moves for partial summary judgment on liability while reserving the issue of damages for trial.  The parties have not requested oral argument.  For the reasons stated below, the Court finds that genuine disputes of material facts preclude summary judgment in favor of either party.

## II.   BACKGROUND[1]

Plaintiff Cosmos Granite (West), LLC is a distributor of natural stone slabs for countertops and other uses, as well as quartz, stainless steel, porcelain sinks, and other industry

---

[1] The facts of this case are hotly contested.  The Court has attempted to focus only on those facts necessary to reach its ruling and will sidestep many tangential facts raised by both parties.  Although some facts may prove important at trial, the Court need only point to genuine disputes of material fact to deny these Motions.

ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT - 1

related products.  Defendant Minagrex operates a stone and quartz distribution center in King County, Washington, in direct competition with Cosmos West.

Venkateswara Are began working for Cosmos West on a contractual basis in 2008.  Dkt. #134 ("Nallapaty Decl."), ¶ 2.  Mr. Are eventually became a minority owner of Cosmos West through its indirect parent company CGM Holdings, LLC ("CGM Holdings").  Dkt. #135 ("Black Decl."), Ex. 3.  As an owner, Mr. Are ran the operations of Cosmos West, handling day-to-day interactions with both customers and suppliers, including at the Kent, Washington location.  Nallapty Decl., ¶ 2.  For reasons that are not at issue, Mr. Are was terminated on November 30, 2015.  *Id*.

Cosmos West alleges that Mr. Are's employment contract included a non-compete agreement, pursuant to which he agreed not to compete with CGM Group or Cosmos West, or directly or indirectly solicit CGM Group or Cosmos West employees, customers, prospective customers, or suppliers from the date of his termination for a period of two years.  Dkt. #20 ("Amended Complaint") at ¶ 20.  This agreement is also not directly at issue in this case.

Almost immediately after Mr. Are was terminated on November 30, 2015, he began working with Defendant Minagrex to open its new Western Washington location.  *Id*.; Dkt. #135-4 ("Mandava Dep."), 81:2–11.

Prior to this dispute, Cosmos West's largest customer at their Kent location was Wall to Wall Tile & Stone, LLC ("W2W"). Dkt. #135-1 ("T. Nallapati Dep."), 41:20–23.  In February 2016, W2W agreed to purchase "not less than 80% of its requirements for stone" from CGM and its subsidiary Cosmos, through December 31, 2017. Dkt. #135-6 at CGM-MGX_00005185. In 2017, W2W promised to pay Cosmos a minimum of $1 million a month for purchases and indicated that it would continue to purchase material from Cosmos and the two companies

ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT - 2

would "grow together as partners" into the future. *See* T. Nallapati Dep. at 92:18–93:5; Dkt. #135-7 ("P. Nallapaty Dep."), 59:24–60:4. In exchange for these promises, Cosmos granted W2W favorable payment terms and provided millions of dollars of material to W2W on consignment. T. Nallapati Dep. at 93:12–18, 93:25–94:8. Precision Water Jet, Inc. was another significant Cosmos customer, although its purchases were smaller. Whether, how, and to what extent these business relationships deteriorated is in dispute.

On March 28, 2016, CGM Group, LLC and CGM Holdings, LLC filed a complaint against Minagrex in the Superior Court of King County under Cause No. 16- 2-07231-3 KNT, alleging that Minagrex intentionally interfered with contractual relations and misappropriated trade secrets. On February 17, 2017, the parties entered into a settlement agreement. Dkt. #135-21. To settle the case, Minagrex promised it "will not knowingly do business, directly or indirectly, nor will it knowingly provide any material assistance to any third party to do so, with… Wall to Wall Title & Stone, LLC… and Precision Waterjet, Inc." for a period of eighteen months beginning February 17, 2017. *Id*. at 2.

On August 25, 2017, Mr. Are began acquiring the majority of Minagrex's stock and eventually took control of company operations. *See* Dkt. #137 at 9–10. The exact timing and nature of this takeover is apparently in dispute.

On July 26, 2018, a year and a half later, Cosmos West sent Minagrex a "Notice of Violation of Settlement Agreement and Release" demanding that Minagrex cease doing business, directly or indirectly, with Wall to Wall. This action was filed in King County Superior Court on September 30, 2019, and removed a month later. Dkt. #1. On January 28, 2020, Cosmos filed its First Amended Complaint alleging breach of contract against Minagrex. Dkt. #20. The Amended Complaint states that this breach "caused damage to Cosmos West, as

it caused Cosmos West to lose the business of its customers Wall to Wall and Precision Waterjet and allowed Minagrex and third parties to earn profits that should have been earned by Cosmos West." *Id.* at 7. That same conduct allegedly "destroyed Cosmos West's business relationship with Wall to Wall." *Id.* Cosmos seeks "actual and consequential" damages resulting from Minagrex's alleged breach as well as attorneys' fees. *Id*. at 7–8.

### III.   DISCUSSION

**A. Legal Standard for Summary Judgment**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**B. Defendants' Motion to Dismiss Plaintiff's Claims for lack of Damages Evidence**

To succeed on a breach of contract claim, a plaintiff must show "(1) a contract that imposed a duty, (2) breach of that duty, and (3) an economic loss as a result of the breach." *Myers v. State*, 218 P.3d 241, 243 (2009).

Minagrex first argues that Cosmos West has failed to present adequate evidence as to causation or damages. Dkt. #130 at 15. However, Cosmos need "only show that there are facts from which a reasonable juror could infer that [Minagrex's] breach proximately caused its losses." *Tabbert v. Howmedica Osteonics Corp.*, No. 2:15-CV-00039-SMJ, 2017 WL 4798153, at *9 (E.D. Wash. Oct. 24, 2017). Cosmos need only raise a genuine dispute of fact as to whether some damage occurred, and need not show the exact amount of damages caused. Whether a breach proximately caused damages is typically a question of fact.

Minagrex asserts that "Wall to Wall and Precision Waterjet, the two customers made a subject of Cosmos' suit, ceased doing business with Cosmos regardless of any conduct concerning Minagrex." Dkt. #130 at 5. This assertion is based on testimony from Wall to Wall's CEO and Precision Waterjet's vice president, obtained during the course of this litigation. *See id.* at 16. Cosmos West attacks the credibility of these witnesses, and points to evidence that muddies the water as to the difference between a terminated relationship and a deteriorating relationship. *See* Dkt. #140 at 6. The Court will not now assess the credibility of witnesses, nor weigh conflicting evidence. Cosmos West adequately points to evidence establishing a genuine dispute as to this point. *See id*. at 8. Even if these companies ceased doing business for a time prior to the breach, such would not necessarily mean that Cosmos is unable to prove damages as a matter of law from the breach of this settlement agreement. The Court will not accept Minagrex's invitation to speculate as to how the many shifting events

ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT - 5

could have impacted sales and cannot say as a matter of law that a deteriorating relationship would prevent Cosmos' West's largest customers from doing more business in the future. Viewing the evidence and drawing inferences in the light most favorable to the non-moving party, the Court finds Cosmos West has established a genuine dispute exists as to lost revenues caused by Defendants' breach of the settlement agreement, and this precludes summary judgment.

Minagrex also argues that "Cosmos has no evidence to show that Minagrex caused Cosmos to lose profits." Dkt. #130 at 20. From the Court's perspective, it is not necessary for the Court to compare testimony and exhibits in this Order; it is clear that Cosmos had these customers, a genuine dispute exists as to whether Minagrex's breach caused damages, and Minagrex clearly gained these customers and associated revenue. Cosmos will be able to present evidence as to damages at trial, and the Court will not grant summary judgment for failure to point to a certain amount of damages at this stage. *See V.C. Edwards Contracting Co. v. Port of Tacoma*, 83 Wn.2d 7, 514 P.2d 1381, 1386 (1973) ("Where the court is convinced substantial damages have been incurred, even though the exact amount in dollars is incapable of proof, the injured party will not be denied a remedy in damages because of lack of certainty."). In any event, Cosmos has obtained an expert witness to establish damages. Minagrex attacks this expert's report, and they are free to move to exclude certain expert testimony or to attack the expert's testimony at trial.

C. Notice

Minagrex argues Cosmos West failed to provide notice and that this is a condition precedent to seeking judicial remedies under the contract. Dkt. #130 at 24–25. Minagrex relies on paragraph 17 of the settlement agreement at issue: "[i]f at any time a violation of any other

ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT - 6

term of this Settlement Agreement is asserted by any party hereto, said party shall have the right, after not less than thirty (30) days' notice to the other party, to seek specific performance of said term or any other necessary and proper relief from any court of competent jurisdiction…." *Id*. at 26.

This notice provision required Cosmos West to provide notice to Defendants prior to filing suit. It did not require Cosmos West to provide notice within a certain amount of time after becoming aware of a breach. The record demonstrates that Cosmos West did provide Defendants with notice of the alleged breach prior to filing this suit. *See* Dkt. #140 at 27 (citing Dkt. #129-12). Reasonable minds could disagree as to whether Cosmos West needed to provide notice of Defendants' breach of the agreement by sale to two different entities or whether notice of the breach to one entity was sufficient to bring these claims. At the very least a genuine dispute exists as to this issue. Accordingly, this cannot serve as a basis for summary judgment dismissal.

### D. Standing

Defendants argue that Plaintiff Cosmos West, an alleged, subsidiary of CGM Group, LLC, lacks standing to sue for breach of the settlement contract at issue because it was not a signatory to that contract. Dkt. #130 at 26–27. Plaintiff responds that the contract explicitly states that it was entered into by "CGM Group, LLC and CGM Holdings, LLC and their subsidiaries" on the one hand and Defendant Minagrex on the other. Dkt. #140 at 27 (citing Dkt. #129-11 at 1). Plaintiff submits evidence that it was a subsidiary of CGM Group at the time of the agreement. *Id*. (citing Dkt. #142-20 (T. Nallapti Dep.), 18:12–15). Plaintiff argues it was thus a named party to the contract, that it is irrelevant that it was not a signatory as CGM

ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT - 7

Group had authority to sign on its behalf, and that in any event it was "clearly the intended beneficiary of the contract." *Id*.

The Court finds Plaintiff has at least established a genuine dispute as to its status as a subsidiary and signatory to the settlement agreement. It makes sense to the Court, from all the documentation provided, that Cosmos West was a subsidiary of CGM Group and the intended beneficiary of the agreement. This will not serve as a basis for summary judgment dismissal.

E. **Mitigation of Damages and Waiver of Restitution**

Minagrex argues that Cosmos has failed to mitigate its damages. Minagrex concludes this argument by stating "Cosmos was required to use reasonable efforts to account for the inventory and offset the sale proceeds from the damages it seeks against Minagrex. Because the evidence shows that Cosmos failed to do so, or provide credit in any manner, Cosmos' damages are insufficient." Dkt. #130 at 24. This is an argument as to the amount of available damages, something that can be resolved at trial, and not a proper argument for dismissal of Plaintiff's claim.

Minagrex also argues that Cosmos has waived a claim for restitution or disgorgement damages. Dkt. #130 at 27–28. Cosmos argues that it may present Minagrex's own profits as an estimate of its losses. Dkt. #140 at 28 (citing cases). The Court notes that the Amended Complaint claims that Minagrex's breach "caused damage to Cosmos West, as it caused Cosmos West to lose the business of its customers Wall to Wall and Precision Waterjet and allowed Minagrex and third parties to earn profits that should have been earned by Cosmos West." As such, Minagrex was on notice of this type of damages claim and a consideration of Minagrex's profits may be appropriate at trial. In any event, it is not a basis for summary judgment dismissal of Cosmos West's claim.

ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT - 8

**F. Plaintiff's Motion for Partial Summary Judgment on Liability**

It is undisputed that the settlement agreement at issue was a valid contract. Cosmos West has presented substantial evidence that Minagrex breached the settlement agreement. However, much of that evidence will be disputed by the contrary testimony of Mr. Are and others associated with Minagrex. Furthermore, the parties dispute whether Cosmos West was a subsidiary and therefore a party to the agreement. The parties dispute whether Minagrex's actions were a proximate cause of harm to Cosmos West through lost profits. Both parties rely on the declarations and statements in depositions of their executives, accuse the other of making self-serving statements, and ask the Court to reject such evidence. The Court cannot weigh credibility at this stage. Given all the genuine disputes of material fact already identified by the Court, summary judgment in favor of Plaintiff will be denied as to liability.

## IV.   CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that the Parties' Motions for Summary Judgment, Dkts. #130 and #137, are DENIED.

DATED this 19th day of October, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE