UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COSMOS GRANITE (WEST), LLC, a Washington limited liability company,<br><br>        Plaintiff,<br><br>    v.<br><br>MINAGREX CORPORATION, d/b/a MGX Stone,<br><br>        Defendant. | CASE NO. C19-1697RSM<br><br>ORDER GRANTING STIPULATED MOTIONS TO SEAL |

This matter comes before the Court on Plaintiff's Stipulated Motion to Seal certain exhibits, Dkt. #138, Defendant's "Stipulated Motion to Seal Response to Partial Motion for Summary Judgment," Dkt. #145, and Defendant's Stipulated Motion to Seal Document in Support of Defendant's Response to Partial Motion for Summary Judgment," Dkt. #150.

"There is a strong presumption of public access to the court's files." LCR 5(g). "Only in rare circumstances should a party file a motion, opposition, or reply under seal." LCR 5(g)(5). Normally the moving party must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." LCR 5(g)(3)(B). However:

> Where parties have entered a litigation agreement or stipulated protective order (see LCR 26(c)(2)) governing the exchange in discovery of documents that a party deems confidential, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above. Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion.

ORDER GRANTING STIPULATED MOTIONS TO SEAL - 1

LCR 5(g)(3). A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal citations omitted). For dispositive motions, the presumption may be overcome by demonstrating "compelling reasons." *Id.*; *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1135-36 (9th Cir.2003). Applying the "compelling reasons" standard, the Ninth Circuit has found appropriate the sealing of documents attached to a motion for summary judgment when court records could be used "as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (2016).

The Court finds compelling reasons to seal the portions of briefing and exhibits above as they could be used as sources of business information that might harm the parties' competitive standing.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Stipulated Motion to Seal certain exhibits, Dkt. #138, Defendant's "Stipulated Motion to Seal Response to Partial Motion for Summary Judgment," Dkt. #145, and Defendant's Stipulated Motion to Seal Document in Support of Defendant's Response to Partial Motion for Summary Judgment," Dkt. #150, are GRANTED. Dkts. #139, #149, and #151 are to remain under seal.

DATED this 20th day of October, 2021.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE