UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COSMOS GRANITE (WEST), LLC, a
Washington limited liability company,

        Plaintiff,

        v.

MINAGREX CORPORATION, d/b/a MGX
Stone,

        Defendant.

Case No. C19-1697RSM

ORDER RE: MOTIONS IN LIMINE

## I.  INTRODUCTION

This matter comes before the Court on the parties' Agreed Motions in Limine, Dkt. #171, and disputed motions in limine filed by Plaintiff Cosmos Granite (West), LLC ("Cosmos West" or "CW"), Dkt. #172, and Defendant Minagrex Corporation ("Minagrex" or "MDX"), Dkt. #176. For the reasons below, these Motions are GRANTED, DENIED, and DEFERRED.

## II.  AGREED MOTIONS IN LIMINE

The Court GRANTS the parties' agreed motions in limine as stated below:

1. Neither party will reference or solicit testimony or evidence about the race, religion or sexual orientation of any person, including any party, lawyer or witness. This shall not be deemed to preclude a reference to the location where the individual resides.

2. Neither party will reference or solicit testimony about an expert's other affiliations with a party or its counsel on other matters.

3. Neither party will reference or solicit testimony about any party's use, if any, of jury consultants or jury study or focus groups to assist with trial preparation, jury selection, or trial. Such use is not relevant to any issue in this litigation.

ORDER RE: MOTIONS IN LIMINE - 1

4.  Neither party will ask any questions during voir dire seeking to commit prospective jurors to a particular range or amount of damages. This does not prevent the parties from asking prospective jurors if they can award an amount of damages that is "fair" or whether there are circumstances in which no damages are fair.

5.  Neither party will reference or solicit testimony about any communications between counsel on this and any other case.

6.  Neither party will question a party's expert about his preparation for trial with counsel, or reference the same. This will not prohibit counsel from inquiring as to the materials relied upon by that expert or the modes and methods of that expert's preparation.

7.  Neither party will question a party witness whose communications with counsel are privileged about his or her preparation for trial with that counsel, or reference the same.

8.  Neither party will ask questions that would reasonably be anticipated to elicit testimony on any privileged subject matter, or reference any subject matter that is privileged.

9.  When video or transcripts from depositions are presented to the jury, the parties will remove all objections, comments, or responses to objections from the subject matter presented to the jury, to the extent practicable.

10. Neither party will reference the size of any law firm representing any party; other matters handled by the law firms or their lawyers; other clients of the law firms or their lawyers; or the wealth of any law firm, their lawyers, or any expert witness retained by any party in this case.

11. Neither party will reference any motions or orders or any potential liability for the claims asserted in *Cosmos Granite West, LLC v. Venkateswara Rao Are*, Cause Number: 18-2-19279-0 KNT pending in King County Superior Court.

ORDER RE: MOTIONS IN LIMINE - 2

12. Neither party will reference any motions or orders in this case or that the Court granted or denied any requested relief.

13. Neither party will refer to or elicit testimony concerning any party's settlement offers, negotiation, conduct, or statements made in compromise negotiations between the parties for any purpose.

14. Neither party will reference any privileged communications concerning the defense or prosecution of this action.

15. Neither party will refer to the details of any motion in limine or Court order granting or denying the same or that either party sought to exclude any matter bearing on the issues in this case of the rights of the parties to this lawsuit, except as necessary to explain an objection and at the Court's direction.

16. Neither party will refer to or elicit any testimony from any witness having been accused or found guilty of any misconduct or criminal activity, except to the extent it relates to that witness's credibility.

17. Neither party will mention or comment to the jury that the judge or an appellate court may have a right, duty, or ability to later change the ultimate verdict of the jury in this cause or to review the verdict in any manner.

18. Neither party will make any reference that it desires to bring additional information or evidence to the attention of the jury but is prevented from doing so by the Court.

19. Neither party will ask questions of opposing counsel in front of the jury.

### III.    PLAINTIFF'S MOTIONS IN LIMINE

1. Plaintiff first moves to exclude reference to or the admission of pleadings from other lawsuits or litigation involving Cosmos or its manager Prasad Nallapaty as irrelevant and

more prejudicial than probative.   Plaintiff acknowledges that the jury will need to understand that Cosmos previously sued Minagrex leading to the settlement agreement at issue in this case.   Plaintiff further states that the following is relevant: "the fact that Cosmos filed a complaint against [Wall to Wall Tile and Stone, LLC, "W2W"] in August 2017 for payment of unpaid invoices and return of inventory W2W received on consignment but did not pay for," as well as the amount that W2W paid in settlement of the litigation.   Plaintiff specifically moves to exclude defense evidence related to litigation between Cosmos West and its then-parent companies CGM Group, CGM Holdings, Prasad Nallapaty, and Cosmos's current parent company related to ownership disputes; details of the litigation between Cosmos and W2W; and details of the prior litigation between the current parties of this case. The Court agrees that, except for Plaintiff's above exceptions, other references to prior litigation are likely to confuse the jury and more prejudicial than probative and are thus properly excluded.  *See* FRE 403. Defendant is free to present evidence related to Plaintiff's subsidiary status and standing to bring a claim under the Settlement Agreement so long as it does not reference litigation or is otherwise excluded below.  This Motion is GRANTED in part.

2. Plaintiff moves to exclude speculative testimony concerning what W2W and Pacific WaterJet ("PWJ") "would" have done absent Minagrex's alleged breach.  The Court finds that any question calling for speculation without adequate evidentiary foundation can be ruled on during trial, and the Court need not issue a preemptive ruling.  DENIED.

3. Plaintiff moves to exclude "evidence that relates to the allegations W2W made in its counterclaims against Cosmos that it dismissed with prejudice in 2017."  The Court agrees that materials submitted in the prior W2W litigation are properly excluded as likely

to confuse the jury, highly prejudicial, and having a low probative value given the outcome of that separate litigation. *See* Dkt. #172 at 8–9.  Similarly, testimony related to claims that were dismissed with prejudice is properly excluded.  Defendants can still elicit testimony from W2W witnesses on W2W's alleged declining relationship with Cosmos or the alleged inferior quality materials Cosmos provided to W2W so long as they do not reference the prior litigation or attempt to relitigate claims that were dismissed with prejudice.  GRANTED IN PART.

4. Plaintiff moves to preclude reference to "the current and prior ownership of Cosmos and Cosmos-related entities, Prasad Nallapaty's investment in Cosmos, and evidence of any disputes between the former and current owners of Cosmos."  The Court agrees that such is irrelevant to this case and properly excluded under FRE 401, except as necessary to show that Plaintiff was or was not a subsidiary of a signatory to the Settlement Agreement.  To the extent Defendant attempts to stray from its standing argument and present evidence merely to attack the reputation of Plaintiff in the eyes of the jury, such will be excluded under FRE 403.  GRANTED IN PART, DEFERRED IN PART.

5. Plaintiff moves to preclude references to Cosmos mistreating its employees or having a disruptive work environment under FRE 401 and 403.  Defendant "agrees that this specific, hypothetical testimony is not necessarily relevant," but argues that testimony from PWJ that it was "hard to get a hold of anybody that could help us purchase material," and that "people that we had been dealing with, all were leaving, or gone," is relevant to show a lack of damages or that the breach did not cause damages.  The Court finds that such testimony can be introduced without referring to internal employee disputes or morale problems at Cosmos.  GRANTED.

6. Plaintiff moves to exclude "evidence not in interrogatory responses."  Plaintiff first addresses Defendant's standing and notice arguments.  Defendant contends that Plaintiff knew throughout the discovery phase that Defendant did not agree or stipulate to its subsidiary status and standing to sue, and was also aware of the notice issue.  The Court finds that any failure to adequately detail these defenses in interrogatory responses was harmless, that Plaintiff has not been prejudiced, and that the factual issues related to these defenses may be presented to the jury.  Plaintiff next argues that Minagrex should be precluded from introducing evidence "that is contrary to its sworn interrogatory responses, including that Mr. Are did not have access to MGX's email accounts and that Mr. Are did not perform significant duties for MGX during the breach period."  Plaintiff has not demonstrated prejudice from this change in position and is free to impeach such testimony or challenge such evidence with reference to the interrogatory responses. DENIED.

7. Plaintiff moves to preclude reference to "Divyashakti Granite ("Divyashakti"), its ownership, its relationship to Cosmos, or its relationship to Prasad Nallapaty." Divyashakti is a public corporation in India and a Cosmos supplier.  Plaintiff argues that "Mr. Nallapaty's percentage ownership and employment status with Divyashakti, the history of ownership of the corporation, the supplier relationship between Divyashakti and Cosmos and other "Cosmos"-branded entities (former CGM Group regional subsidiaries), and the prices Divyashakti charged Cosmos" have nothing to do with this case.  Defendant Minagrex argues that this evidence is relevant to the issue of causation because: 1) it provides "background" into how Cosmos West was initially funded, 2) "Divyashakti Granite was also CW's sole Indian stone supplier in 2017, [so] testimony

regarding Divyashakti Granite's pricing is relevant to the pricing that W2W had to pay for such materials, and 3) "owners of the Cosmos entities expressed concerns to Prasad about the prices that were being charged by Divyashakti Granite to CW." Dkt. #188 at 13–14. The Court finds that "how Cosmos West was initially funded" is not relevant to this breach of contract case. The prices Cosmos West paid for materials it resold to W2W is not relevant unless Defendant has no other way to establish that W2W was being overcharged. Defendant has not convinced the Court that such is the case, and instead it appears that this evidence is being introduced to embarrass Plaintiff and prejudice it in the eyes of the jury. It is properly excluded under FRE 401 and 403. GRANTED.

8. Plaintiff moves to preclude reference to "Mr. Nallapaty's lack of knowledge of Mr. Are's prior work with Cosmos and the conditions of Mr. Are's departure." The Court finds that these facts are at least slightly relevant to this litigation and more probative than prejudicial. Plaintiff is free to clear up any confusion to the jury with cross examination or direct examination of other witnesses. DENIED.

9. Plaintiff moves to exclude depositions from prior litigation, citing Rule 32(a)(8) and FRE 802-804. Under Fed. R. Civ. P. 32(a)(8), a deposition taken in an earlier action may be used in a "later action involving the same subject matter between the same parties, or their representatives or successors in interest." The rule requires "a substantial identity of issues" and "the presence of an adversary with the same motive to cross-examine the deponent" for a deposition taken in an earlier action to be admissible. *Knickerbocker v. Corinthian Colleges, Inc.*, No. C12-1142JLR, 2013 WL 12414926, at *2 (W.D. Wash. July 10, 2013) (quoting *Hub v. Sun Valley Co.*, 682 F.2d 776, 778 (9th Cir. 1982)). To be admissible under 804(b)(1)(B), the witness also must be unavailable in the current

ORDER RE: MOTIONS IN LIMINE - 7

action.  The Court agrees with Plaintiff that the deposition of W2W's former president and CEO Tyler Kruckenberg is properly excluded under the above standards as Cosmos did not have the same motive to cross-examine this deponent and because Mr. Kruckenberg is available as a witness in this litigation.  The Court agrees with Plaintiff that the 2016 deposition of Srini Mandava is properly excluded as the prior action did not involve the same subject matter between the same parties.  Finally, the Court agrees to exclude the August 2018 testimony of Grant Traver as that action did not involve the same subject matter between the same parties and because Mr. Traver is available to testify in the current action.  All of these depositions may still be used for impeachment purposes.  GRANTED.

10. Plaintiff moves for the Court to "use its discretion" to preclude Minagrex from offering deposition testimony for witnesses who are available to testify at trial.  The Court strongly disfavors the admission of deposition designations for testifying witnesses, finding it cumulative and confusing to the jury.  Such should be reserved for impeachment. GRANTED.

11. Plaintiff moves to exclude defenses not raised in Minagrex's Answer, including the standing and notice defenses.  This issue has already been addressed by the Court, and Plaintiff has failed to demonstrate prejudice.  DENIED.

12. Plaintiff moves to prevent Defendant from calling certain W2W witnesses as not properly disclosed in its initial disclosures.  Defendant argues that Plaintiff was on notice that these witnesses could provide relevant information in this case, and that both parties referenced W2W corporate representatives in their initial disclosures.  The Court finds Plaintiff was

on notice that these witnesses could testify in this case, and that any difficulty in deposing them should have been raised previously in discovery.  DENIED.

13. Finally, Plaintiff moves for the Court to require all parties to remove or redact all objections in discovery responses presented to the jury under FRE 402.  Plaintiff does not discuss specific examples. The Court finds that objections can be relevant but can also be confusing to the jury to the extent they dive into legal arguments. The Court reserves ruling on this issue until it comes up at trial or when the Court reviews deposition designations objections prior to trial.  DEFERRED.

## IV.    DEFENDANT'S MOTIONS IN LIMINE

Many of Defendant Minagrex's motions in limine address the admissibility of testimony from Plaintiff's expert witness Paul Pederson.  The admission of expert testimony is governed by *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993) and its progeny.  Federal Rule of Evidence 702 provides that a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Under Rule 702, the trial court acts as a gatekeeper and ensures that the proffered scientific testimony meets certain standards of both relevance and reliability before it is admitted. *Daubert, supra*. The party proffering expert testimony has the burden of showing the admissibility of the testimony by a preponderance of the evidence. *Id*. at 592 n.10. "[J]udges are entitled to broad discretion when discharging their gatekeeping function" related to the admission of expert

testimony. *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150-53, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999)). The Court considers four factors to determine if expert testimony will assist the trier of fact: "(i) whether the expert is qualified; (ii) whether the subject matter of the testimony is proper for the jury's consideration; (iii) whether the testimony conforms to a generally accepted explanatory theory; and (iv) whether the probative value of the testimony outweighs its prejudicial effect." *Scott v. Ross*, 140 F.3d 1275, 1285-86 (9th Cir. 1998). Because Rule 702 "contemplates a *broad conception* of expert qualifications," only a "*minimal foundation* of knowledge, skill, and experience" is required. *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1015-16 (9th Cir. 2004) (emphasis in original) (quoting *Thomas v. Newton Int'l Enters.*, 42 F.3d 1266, 1269 (9th Cir. 1994)). A "lack of particularized expertise goes to the weight of [the] testimony, not its admissibility." *United States v. Garcia*, 7 F.3d 885, 890 (9th Cir. 1993) (citing *United States v. Little*, 753 F.2d 1420, 1445 (9th Cir. 1984)); *Daubert v. Merrell Dow Pharm., Inc. ("Daubert II")*, 43 F.3d 1311, 1315 (9th Cir. 1995). The trial court must also ensure that the proffered expert testimony is reliable. An expert opinion is reliable if it is based on proper methods and procedures rather than "subjective belief or unsupported speculation." *Daubert* 509 U.S. at 590. The test for reliability "'is not the correctness of the expert's conclusions but the soundness of his methodology.'" *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007) (quoting *Daubert II*, 43 F.3d at 1318). Alternative or opposing opinions or tests do not "preclude the admission of the expert's testimony – they go to the *weight*, not the admissibility." *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1231 (9th Cir. 1998). Furthermore, "'[d]isputes as to the strength of [an expert's] credentials, faults in his use of [a particular] methodology, or lack

of textual authority for his opinion, go to the weight, not the admissibility, of his testimony.'" *Id.* (quoting *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995)).

Finally, the Court must ensure that the proffered expert testimony is relevant. As articulated in Rule 702, expert testimony is relevant if it assists the trier of fact in understanding evidence or in determining a fact in issue. *Daubert*, 509 U.S. at 591. Expert testimony is inadmissible if it concerns factual issues within the knowledge and experience of ordinary lay people because it would not assist the trier of fact in analyzing the evidence. In the Ninth Circuit, "[t]he general test regarding the admissibility of expert testimony is whether the jury can receive 'appreciable help' from such testimony." *United States v. Gwaltney*, 790 F.2d 1378, 1381 (9th Cir. 1986). Expert testimony that merely tells the jury what result to reach is inadmissible. Fed. R. Evid. 704, Advisory Committee Note (1972); *see, e.g.*, *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994) ("When an expert undertakes to tell the jury what result to reach, this does not *aid* the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.").

Under Local Civil Rule 16(b)(4), motions "to exclude expert testimony for failure to satisfy *Daubert v. Merrell Dow Pharmaceuticals, Inc.* and its progeny" are to be filed "not later than the deadline to file dispositive motions." Defendant has failed to follow this rule. However, because the Court is largely denying Defendant's Motions in limine related to expert testimony, the Court finds this issue moot.

1. Defendant first moves to exclude expert Pederson's testimony concerning W2W's financial viability, which affects its ability to continue to purchase from CW and pay back outstanding obligation." Defendant argues that W2W owed Plaintiff "a multi-million dollar figure" and that expert Pederson's report "simply assumes that W2W had the

ORDER RE: MOTIONS IN LIMINE - 11

financial ability to buy increasing amounts of inventory and simultaneously pay down, and remain current with, its outstanding obligation." Dkt. #176 at 8. Defendant asserts that Pederson "ignores CW's lawsuit against W2W and W2W's subsequent bankruptcy filing." *Id*. Defendant states that Pederson's testimony on Plaintiff's lost profits from potential sales to W2W is therefore speculative, not supported by the facts, contradictory, and troublingly misleading. *Id*. Plaintiff argues that there are sufficient facts to support this position and that Defendant's argument to the contrary goes to the weight, not the admissibility of this opinion. Plaintiff argues that Mr. Pederson analyzed the consignment business model between Cosmos West and W2W and found that W2W would have had the ability to scale up sales. Mr. Pederson apparently assumes that Plaintiff's lawsuit against W2W and W2W's 2019 bankruptcy would not have occurred absent the breach at issue in this case. The Court agrees with Plaintiff that any factual dispute can be resolved by the jury, and that Defendant's argument goes to the weight, not the admissibility of this opinion. Defendant is free to raise all of these issues on cross-examination. DENIED.

2. Defendant next moves to exclude Pederson's testimony that W2W would have continued to buy from Plaintiff. Again, the parties dispute whether the relationship between Plaintiff and W2W soured because of the breach or for other reasons. While Pederson can aid the jury in an accounting analysis, he cannot testify as a fact witness. There is nothing in Pederson's testimony on this point that is likely to mislead the jury, even if it contradicts other testimony, and Defendant is free to attack the weight of his testimony on cross-examination. DENIED.

3. Defendant moves to exclude Pederson's testimony as to Plaintiff's lost sales to PWJ because Pederson's initial report does not analyze Plaintiff's damages with respect to

ORDER RE: MOTIONS IN LIMINE - 12

1
2
3
4
5
6
7
8

PWJ.  Plaintiff argues that Pederson will instead address MGX's profits realized on its sales to PWJ, and that "Mr. Pederson's consideration of MGX's own profits was disclosed to MGX months ago, MGX had the opportunity to depose Mr. Pederson on the issue, and Cosmos's Amended Complaint clearly states that MGX's breach 'allowed [MGX] … to earn profits that should have been earned by Cosmos.'" Dkt. #183 at 9–10 (citing Dkt. #20 at ¶ 30).  The Court agrees with Plaintiff.  Defendant has no valid basis to exclude this testimony.  DENIED.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

4.   Defendant next moves to exclude "any evidence or testimony conflating gross margins with lost-profits."   Defendant argues "Washington law and Ninth Circuit precedent require evidence of actual lost profits, not lost margins," and that "Pederson and CW should thus be precluded from offering evidence or argument that the claimed lost gross margins are a proxy for lost profits recovery."  Dkt. #176 at 11.  Plaintiff responds that "Mr. Pederson provided a valid basis for his computation of lost profits…. He appropriately considered in his lost profits model the variable costs that Cosmos would incur had it continued to sell product to W2W and determined that Plaintiff's overhead was fixed."  Dkt. #183 at 10–11.  The Court is convinced that Pederson's testimony can provide a valid basis for the jury to calculate lost profits.   To the extent there are weaknesses in this approach, such goes to the weight rather than the admissibility of this evidence and Defendant is free to challenge Mr. Pederson's analysis on cross examination. DENIED.

25
26
27
28

5.   Defendant moves to exclude evidence or testimony from Mr. Pederson outside the scope of his initial expert report, arguing that the "disclosure and service of Pederson's supplemental report violates Rule 26(a)(2)(B)(i) and is subject to automatic exclusion

under Fed. R. Evid. 37(c)(1)." Plaintiff argues that "MGX had the opportunity to question Mr. Pederson about his supplemental report, thereby mitigating any prejudice." Dkt. #183 at 12. Plaintiff also points out that the Court has already determined that Mr. Pederson's supplemental disclosure "requires no new discovery and that the numbers should not have been a surprise." *Id*. (citing Dkt. #169). The Court has also ruled that Defendant was on notice of this type of damages claim from the Amended Complaint. Plaintiff is correct that exclusion under Rule 37(c)(1) would be an extreme sanction and is unwarranted here. DENIED.

6. Defendant moves to exclude evidence or testimony of Plaintiff's claimed damages preceding entry of the Settlement Agreement, arguing that this will "confuse the jury." Plaintiff apparently intends to argue that, but for Defendant's breach of the Settlement Agreement, W2W would have continue to pay for materials it had purchased on consignment prior to the Agreement being entered. The Court believes a jury is capable of understanding this issue, and that this can be addressed on cross examination. DENIED.

7. Defendant moves to exclude evidence of its own gross margins offered by Plaintiff to help the jury calculate Plaintiff's damages. While the Court understands how Defendant's sales numbers from allegedly stolen customers could be relevant for calculating Plaintiff's damages, it is not a given that Defendant's gross margins or profits are helpful to the jury. Plaintiff cites to many cases where profits of the Defendant are admissible "if shown to correspond with the loss of the plaintiff" or that profits of "similar businesses operating under substantially the same market conditions" are admissible. Dkt. #183 at 14. However, Plaintiff in its response fails to offer any analysis demonstrating a similar

business model between the two companies.  Plaintiff has not explained why its losses cannot be demonstrated some other way that would be less likely to confuse the jury. The Court finds that this evidence is properly excluded under FRE 401 and 403.  GRANTED.

8. Defendant moves to exclude evidence or testimony of Plaintiff's claimed lost sales after June of 2017, "when CW cut off W2W."  Defendant argues that Plaintiff voluntarily "froze" W2W's account at that point, cutting off Defendant's liability.  Plaintiff will attempt to make the case at trial that but for the breach, W2W would still have done business with Plaintiff and the account would not have been frozen.  They are free to do so, and Defendant is free to explore this question on cross-examination.  DENIED.

9. Defendant moves to exclude "fact and expert witnesses from testifying on ultimate legal issues," citing FRE 700, 702, 703, and 704.  Defendant also cites the advisory committee notes for FRE 704 "The abolition of the ultimate issue rule does not lower the bars so as to admit all opinions. Under Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time." FRE 704 states "An opinion is not objectionable just because it embraces an ultimate issue."  It is not clear what Defendant is worried about here. The only example offered are hypothetical questions as to "whether or not an act or omission constitutes a breach of contract or whether an act or omission was a proximate cause of any subsequent condition." Dkt. # 176 at 14.  Despite FRE 704, Defendant essentially asks the Court to exclude all opinions just because they embrace an ultimate issue.  DENIED.

10. Defendant moves to "prohibit impeachment of Venkateswara Rao Are on any matters which are not relevant or germane to the matters before the Court."  Defendant brings no

specific impeachment questions to the Court's attention.  The Court can rule on such objections at trial.  DENIED.

11. Defendant moves to exclude "any comment from Plaintiff's attorneys regarding personal opinions about the credibility of any witnesses."  Such would be clearly improper and Plaintiff agrees.  GRANTED.

12. Finally, Defendant moves to exclude argument, questioning, or testimony which states or implies that Defendant has destroyed evidence or hidden evidence in this case.  Defendant provides no details, no argument, no legal citation for this request.  DENIED.

## V.     CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that the above Motions in Limine (Dkts. #172 at #176) are GRANTED, DENIED, AND DEFERRED as stated above.

DATED this 4th day of November, 2021.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER RE: MOTIONS IN LIMINE - 16