1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COSMOS GRANITE (WEST), LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MINAGREX CORPORATION, d/b/a MGX Stone,<br><br>Defendant. | Case No. C19-1697RSM<br><br>ORDER DENYING STIPULATED MOTION TO PRESENT REMOTE TESTIMONY AT TRIAL |

This matter comes before the Court on the "Stipulated Motion to Present Remote Testimony at Trial," Dkt. #216. The parties seek a "a pre-trial ruling pursuant to Rule 43(a) of the Federal Rules of Civil Procedure permitting non-party witnesses who reside more than 100 miles from Seattle to testify remotely via videoconference." Dkt. #216 at 1. Some witnesses are listed who might qualify, but the parties actually seek a blanket ruling. *See Id.* at 2–3 ("the instant stipulation reflects only the Parties' agreement that witnesses—should the Court agree to permit them to testify—who reside more than 100 miles from Seattle may testify remotely."). Travelling during the COVID-19 pandemic is referenced generally, as well as the risk of having too many individuals in the courtroom, and the cost of travel. *See id*. at 3–4. There are no details provided for individual witnesses. No declarations are attached.

ORDER DENYING STIPULATED MOTION TO PRESENT REMOTE TESTIMONY AT TRIAL - 1

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Fed. R. Civ. P. 43(a).

The Parties cite to this Rule's Advisory Committee Note (1996 Amendment) for the proposition that "where, as here, all parties agree that testimony should be presented remotely, '[g]ood cause and compelling circumstances may be established with relative ease.'" Dkt. #216 at 3. The next few sentences in the Note are helpful:

> The court is not bound by a stipulation, however, and can insist on live testimony. Rejection of the parties' agreement will be influenced, among other factors, by the apparent importance of the testimony in the full context of the trial.
>
> A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances.

Fed. R. Civ. P. 43, Advisory Committee Note (1996 Amendment).

As the Court explained at the pretrial conference on April 19, 2022, the Court prefers live testimony and must be convinced why remote testimony is necessary. To clarify, this means providing compelling evidence specific to each witness. Given the Court's discretion to manage courtroom proceedings, it will not grant the parties carte blanche to call witnesses remotely.

A general citation to the COVID-19 pandemic is insufficient for any witness. Although the risks associated with the pandemic are real, this has not stopped many Americans from traveling 100 miles or more for business or pleasure. The parties must point to specifics, *e.g.*, the unique health issues of a witness.

ORDER DENYING STIPULATED MOTION TO PRESENT REMOTE TESTIMONY AT TRIAL - 2

The Court is particularly dissatisfied with the citation to the costs of travel as a reason for remote testimony. The Advisory Note states:

> The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.

Fed. R. Civ. P. 43, Advisory Committee Note (1996 Amendment).

Given all of the above, and having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that the Stipulated Motion to Present Remote Testimony at Trial, Dkt. #216, is DENIED.

DATED this 30th day of June, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING STIPULATED MOTION TO PRESENT REMOTE TESTIMONY AT TRIAL - 3